## DIBRELL BROS., Inc., v. PRINCE LINE, Ltd.
### No. 305.

Circuit Court of Appeals, Second Circuit.

May 23, 1932.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (L. de Grove Potter, of New York City, of counsel), for appellant.

Harry D. Thirkield, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

Libelant shipped hogsheads of tobacco on board the respondent's vessel for common carriage from Norfolk, Va., to Kobe, Japan. During the voyage some of the hogsheads were damaged by sea water used to extinguish a fire in a bunker compartment adjacent to that in which the tobacco was stowed. The libel seeks general average contribution from the respondent not only for the ship's share, but also for the share chargeable to sound cargo which the vessel delivered without taking security for general average contribution. The answer admits that the libelant sustained a general average loss, but sets up as affirmative defenses (1) that the master did not know this fact when the cargo was discharged; and (2) that a notice clause in the bill of lading was not complied with. On exceptions these defenses were stricken out as insufficient in law, and an interlocutory decree was entered for the libelant upon the pleadings.

It is conceded that the appellant is liable for the vessel's proportionate share of the general average loss suffered by the libelant. Each of the defenses alleged goes only to so much of the loss as would be recoverable from other cargo had the master taken security for the payment of such cargo's contributive shares. As to this portion of the libelant's loss the suit is in reality one to recover damages (equal in amount to the general average contributions recoverable from the owners of sound cargo) caused by the master's breach of his fiduciary duty, as a

trustee for all interests in general average, in delivering the sound cargo without exacting security for the benefit of cargo sacrificed by the general average act. See The Santa Ana, 154 F. 800 (C. C. A. 9); Heye v. North German Lloyd, 33 F. 60, 70, 2 L. R. A. 287 (S. D. N. Y.); The Caserta,[1] 1932 A. M. C. 51, 60 (D. C. S. D. N. Y.); Crooks v. Allan, 5 Q. B. D. 38; Gillett v. Ellis, 11 Ill. 579, 582; Lowndes, General Average (6th Ed.) p. 397. That such a duty exists is not denied; only the scope of it is in dispute. The libelant contended, and the court below held, that the master, and hence the shipowner, was under an absolute duty either to preserve the lien or to exact security for the benefit of the sacrificed cargo, while the appellant argues that the duty is merely to use reasonable care not to impair the sacrificed cargo's right to contribution by failing to exact security therefor from the owners of sound cargo. Hence the appellant urges not only that its first defense is valid, but also that the libel itself is defective in not alleging negligence in respect to the master's failure to exact security.

■ We should hesitate to subscribe to the broad proposition that whenever a general average loss has occurred the master is absolutely bound, whatever the circumstances, to protect an owner of sacrificed cargo in his right to general average contribution. This court has held that the master must deliver cargo upon the tender of reasonable security [F. H. Leggett & Co. v. 500 Cases of Tomatoes, 15 F.(2d) 270], and it would seem to follow that he would not be liable to owners of sacrificed cargo should the security fail through no fault of his. No more, it may be persuasively argued, should he be liable for failure to exact security at all, where he is ignorant of a cargo owner's general average loss and without fault in failing to know it. But a situation would seldom arise in which the master would be without fault in failing to know the sacrifice. Knowing necessarily of the general average act, he should, at the least, be bound to use reasonable diligence to ascertain its effects. He cannot pour water into the hold without coming under the duty to take reasonable measures to ascertain whether any of the cargo was damaged thereby. If it was, and due diligence would have disclosed this fact, his obligation to protect the sacrificed cargo's right to contribution is clear. Whether his duty goes further and is absolute, as the court below held, we find it unnecessary to

[1] Orally.

decide in the case at bar. Assuming it to be no greater than the appellant concedes, namely, to use reasonable care not to impair the libelant's right to contribution by surrendering cargo without exacting security, we think the pleadings admit enough to show that such duty was not performed.

■ The libel alleges and the answer admits that the hogsheads were received in apparent good order and condition; that a fire occurred in the compartment adjacent to that in which the tobacco was stowed and was extinguished by the use of sea water; that the partition between the compartments was not water-tight and was not required to be; that the sea water got into the tobacco compartment and resulted in whatever damage occurred to the hogsheads of tobacco while in the custody of respondent; that on discharge some of the hogsheads were visibly stained and this condition was observed by one or more of the ship's officers and crew; and that no security was required from sound cargo for general average contribution. As excuse for not exacting security, the answer avers that at the time of discharge the master and ship's agents "were not aware" that the hogsheads "had been damaged by water used to extinguish the fire * * * and that the libelant was entitled to a contribution in general average from other cargo."

But the ignorance of the master and ship agents as to libelant's loss is no excuse under the admitted circumstances. They should have known of it. They knew that the hogsheads were received in apparent good order and were discharged in apparent bad order. They knew also of the use of sea water to extinguish the fire, of the relative location of the bunker compartment and the tobacco compartment and the character of the partition between them. Knowing these facts, a reasonably prudent master should have apprehended that the stained condition of the hogsheads resulted from the general average act and indicated damage to the contents of the hogsheads. Consequently the respondent was guilty of negligence in releasing the sound cargo without requiring security for general average contribution. Moreover, when attention was called to the damaged hogsheads, the libelant was not told of the fire, but was given a copy of the master's protest regarding rough weather. Had libelant been informed of the fire, he would have been advised of his right to contribution and could have demanded the taking of security.

For the foregoing reasons we conclude that the libel was sufficient, and libelant's exceptions to the first alleged defense were properly sustained.

The second alleged defense relies upon the following notice clause contained in the bill of lading: "9. Also, that neither the Carrier, the vessel, nor the Agents shall be liable for any claim for loss of or damage to goods in any event unless notice in writing 'of the claim shall have been presented to the ship's Agents at the port of discharge before the removal of the goods from the ship's custody. * * * "

It is clear under the authorities that clauses of this character relate only to causes of action founded upon the contract of carriage and are not extended to claims based upon the law relating to general average. The Santa Ana, 154 F. 800 (C. C. A. 9); The Roanoke, 59 F. 161 (C. C. A. 7); Swift & Co. v. Glasgow S. S. Co., 280 F. 910 (D. C. S. D. N. Y.); The Lewis H. Goward, 34 F.(2d) 791, 793 (D. C. S. D. N. Y.). Notice clauses are harsh at best and should not receive a broad construction. The appellant concedes that the clause does not apply with respect to the vessel's own share of the general average contribution, but asserts that it does when the shipowner is to be held for the saved cargo's share. Such a distinction would be most unreasonable, for as to neither portion of the loss is the libelant's claim based on a violation of the contract of carriage.

Decree affirmed.